## SUPREME COURT.

In the Matter of the Judicial Settlement of the Account of ISAAC F. BROWN, as executor, &c., of DEBORAH ORSER, deceased.

*Will — probate of — When legacy to a subscribing witness void.*

Where there were but two subscribing witnesses to a will, to one of which a legacy was left, and the will could not be proven without the testimony of such legatee:
*Held,* that the legacy to him was void.

*Second Department, General Term, January,* 1884.

*Before* BARNARD, *P. J.,* PRATT *and* DYKMAN, *JJ.*

THE will of deceased was proved in March, 1880, before the surrogate of Westchester county. The decree on the accounting of the executor, Isaac F. Brown, adjudged that the bequest in the will to said Brown of one-half part of her residuary personal property was void, and ordered the distribution of that share to the next of kin of testatrix, in the same manner as if she had died intestate, on the grounds appearing in the opinion. The said Brown, the executor and devisee, appealed from the decree.

*Nelson H. Baker* and *Francis Lattin,* for appellant.

*Charles M. Hall,* for next of kin, respondents.

BARNARD, *P. J.* — Deborah Orsor, by her last will and testament, gave her residuary estate to Isaac F. Brown and Margaret Miller. The same persons were made executors. There were two witnesses to the will, Isaac F. Brown and

Matter of Brown.

Daniel B. Foster, both lived in this state, and both were examined upon the proof of the will and there were but these two witnesses to the will.   The statute, upon the subject presented, is as follows:

" If any person shall be a subscribing witness to the execution of any will wherein any beneficial devise, legacy, interest or appointment of any real or personal estate shall be made to such witness, and such will cannot be proved without the testimony of such witness, the said devise, legacy, interest or appointment shall be void only so far as concerns such witness or, any claiming under him, and such person shall be compelable to testify respecting the execution of the said will in like manner as if no such devise or bequest had been made" (2 *R. S.* [*Edm*], 95, *sec.* 50).

The will could not be proven without the testimony of Brown.   Two witnesses at least are required to a will.   This probate required both witnesses to be produced and examined. "Two, at least, of the witnesses to such will, if so many are living in this state, and of sound mind, and are not disabled from age, sickness or infirmity from attending, shall be produced and examined" (2 *R. S.* [*Edm.*], 67, *sec.* 62).

As to Brown, the legacy was void.   A surrogate may believe one witness and not the other, and thus it is claimed that a will can be proven without two witnesses.   In fact, the statute does not mean this.   A will must have two witnesses, and both must be sworn to prove a will, with certain exceptions, which do not include the present case.   The testimony of the witness of necessity must be given; the will cannot be proven without it, and the legacy, consequently, is void.   The subsequent legislation in reference to the examination of interested witnesses does not repeal by implication these statutes.   Such repeals are not favored, and there is no inconsistency in both statutes standing together.

The surrogate's decree appealed from should be affirmed, with costs against the appellant.

PRATT and DYKMAN, JJ., concur.